UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN URGENT CARE &
PRIMARY CARE PHYSICIANS, P.C.,
and BUSINESS HEALTH SOLUTIONS,
P.C.

       Plaintiffs,


 -vs-


EDGE PHARMACY SERVICES, LLC,
and JOHN DOES 1-10,

       Defendants.

## COMPLAINT  – CLASS ACTION

*Plaintiffs are not aware of any related cases.*

1.     Plaintiffs, Michigan Urgent Care & Primary Care Physicians, P.C. ("Michigan Urgent") and Business Health Solutions, P.C. ("Business Health"), bring this action to secure redress for the actions of defendant Edge Pharmacy Services, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.     The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3.     Plaintiff Michigan Urgent is a professional corporation with offices at 37595 7 Mile Road, Livonia, Michigan 48152, where it maintains telephone facsimile equipment.

4.     Plaintiff Business Health is a professional corporation with offices at 17197 N. Laurel Park Drive, Suite 161, Livonia, Michigan 48152, where it maintains telephone facsimile equipment.

5.     Defendant Edge Pharmacy Services, LLC, is a limited liability company with offices located at 856 Hercules Drive, Suite 30, Colchester, Vermont 05446.

6.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisement described below.  Plaintiffs does not know who they are.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

8.     Personal jurisdiction is proper because Defendant has committed tortious acts in this District by causing the transmission of unlawful communications into the District.

9.      Venue in this District is proper for the same reason.

## FACTS

10.     In January 2015, plaintiff Michigan Urgent received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine..

11.     In January 2015, plaintiff Business Health received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

12.     Discovery may reveal the transmission of additional faxes as well.

13.     Defendant is responsible for sending or causing the sending of the faxes.

14.     Defendant as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

15.     Defendant either negligently or wilfully violated the rights of plaintiffs and other recipients in sending the faxes.

16.     Plaintiffs had no prior relationship with defendant and had not authorized the sending of

2

fax advertisements to plaintiffs.

17.     Each fax refers to a website registered to defendant.

18.     The faxes do not contain the opt out notice described in 47 U.S.C. §227.

19.     On information and belief, the faxes attached hereto was sent as part of a mass

broadcasting of faxes.

20.     On information and belief, defendant has transmitted similar unsolicited fax

advertisements to at least 40 other persons in Michigan.

21.     There is no reasonable means for plaintiffs or other recipients of defendant's unsolicited

advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to

receive the urgent communications authorized by their owners.

## COUNT I – TCPA

22.     Plaintiffs incorporate ¶¶ 1-21.

23.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or

other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C.

§227(b)(1)(C).

24.     The TCPA,  47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State,
bring in an appropriate court of that State–

(A)  an action based on a violation of this subsection or the regulations
prescribed under this subsection to enjoin such violation,

(B)  an action to recover for actual monetary loss from such a violation, or
to receive $500 in damages for each such violation, whichever is greater, or

(C)  both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection
or the regulations prescribed under this subsection, the court may, in its discretion,
increase the amount of the award to an amount equal to not more than 3 times the
amount available under the subparagraph (B) of this paragraph.

25.     Plaintiffs and each class member suffered damages as a result of receipt of the unsolicited

3

faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiffs'
statutory right of privacy was invaded.

26.     Plaintiffs and each class member are entitled to statutory damages.

27.     Defendant violated the TCPA even if its actions were only negligent.

28.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

29.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class,
consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action
(28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Edge Pharmacy Services,
LLC, promoting its goods or services for sale (d) and which did not contain an opt out notice as
described in 47 U.S.C. §227.

30.     The class is so numerous that joinder of all members is impractical.  Plaintiffs allege on
information and belief that there are more than 40 members of the class.

31.     There are questions of law and fact common to the class that predominate over any
questions affecting only individual class members.  The predominant common questions include:

    a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

    b.      The manner in which defendant compiled or obtained its list of fax numbers;

    c.      Whether defendant thereby violated the TCPA.

32.     Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have
retained counsel experienced in handling class actions and claims involving unlawful business
practices.  Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not
to vigorously pursue this action.

33.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same
factual and legal theories.

34.     A class action is the superior method for the fair and efficient adjudication of this
controversy.  The interest of class members in individually controlling the prosecution of separate

4

claims against defendant is small because it is not economically feasible to bring individual actions.

35.     Several courts have certified class actions under the TCPA.  *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

36.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

        a.     Statutory damages;

        b.     An injunction against the further transmission of unsolicited fax advertising;

        c.     Costs of suit;

d.      Such other or further relief as the Court deems just and proper.


                              ADAM G. TAUB & ASSOCIATES
                              CONSUMER LAW GROUP, PLC

                      By:      /s/ Adam G. Taub
                              Adam G. Taub (P48703)
                              17200 W 10 Mile Rd Suite 200
                              Southfield, MI 48075
                              Phone:  (248) 746-3790
                              Email:   adamgtaub@clgplc.net




                              /s/ Daniel A. Edelman
                              Daniel A. Edelman
                              Cathleen M. Combs
                              Thomas E. Soule
                              EDELMAN, COMBS, LATTURNER
                                  & GOODWIN, LLC
                              20 S. Clark Street, Suite 1500
                              Chicago, Illinois  60603
                              (312) 739-4200
                              (312) 419-0379 (FAX)
                              Email: dedelman@edcombs.com

6

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)